UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:13-CR-764-6 |
| | § | |
| PETER MORALES; aka PIRUCHA | § | |

## FINDINGS AND RECOMMENDATION ON PLEA OF GUILTY

United States District Judge Nelva Gonzales Ramos referred this case to the undersigned United States Magistrate Judge for the purpose of conducting a guilty plea proceeding pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The undersigned submits these Findings and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(3). All parties have waived the right to plead before a United States District Judge, and additionally, have consented to proceed before the undersigned.

On January 16, 2014, the defendant appeared with counsel before the undersigned Magistrate Judge and pleaded guilty to Count One of the indictment without a written plea agreement. The defendant was personally addressed in open court and admonished pursuant to Rule 11 of the Federal Rules of Criminal Procedure as follows:

    1.    The defendant was placed under oath and advised that any false answers given during the plea proceeding could be used by the United States against the defendant in a prosecution for perjury or for making a false statement.

    2.    The defendant was advised that Count One of the indictment charged a violation of Title 21, United States Code, Section 846 which makes it unlawful for a person to knowingly and intentionally conspire and agree with other persons to possess with the intent to distribute a controlled substance. The defendant was further advised

that the indictment alleged a conspiracy involving more than five (5) kilograms of cocaine, a Schedule II, controlled substance. The defendant was advised that this section of Title 21 makes it unlawful for any person to knowingly and intentionally conspire with another person to possess with intent to distribute a controlled substance.

3. The defendant was advised of the defendant's right to a jury trial, the right to the presumption of innocence, and the right to require that the United States prove each of the elements of the offense to a jury beyond a reasonable doubt. The defendant was further advised that the right to a jury trial included the right to see, hear and cross-examine witnesses, the right to compel witnesses to appear on the defendant's behalf, and the right to testify on the defendant's behalf or to remain silent. The defendant was advised that a plea of guilty would waive the right to a jury trial, the right to see, hear and cross examine witnesses, the right to compel witnesses to appear in the defendant's behalf, and the right to remain silent.

4. The defendant was advised that the United States must prove: (1) That two or more persons, directly or indirectly, reached an agreement to possess a controlled substance with the intent to distribute; (2) That the defendant knew of the unlawful purpose of the agreement; (3) That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose; and (4) That the overall scope of the conspiracy involved more than five (5) kilograms of cocaine.

5. The defendant was advised that the penalty range for this offense included a mandatory minimum 10 year period of imprisonment and a maximum period of imprisonment for life, without probation, parole or a suspended sentence, a fine not to exceed $10 million, at least 5 years of supervised release that could last the rest of his life, and that that any violation of supervised release could result in an additional prison term of up to 5 years.

The defendant also was advised that even if he received the maximum sentence for violation of supervised release, if he had not completed his full term of supervised release, he could be re-released to supervised release, and if revoked again he could receive up to the maximum revocation sentence again. The defendant was advised that this could happen multiple times until he had completed serving his term of supervised release.

The defendant also was advised that a mandatory $100 special assessment applied to this felony conviction.

6.     The defendant was advised of the District Court's obligation to calculate the applicable advisory sentencing guideline range and to consider that advisory range, possible departures and variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a). The defendant further stated that he understood and had discussed with his attorney how the guidelines might be calculated in his case and applied to him.

7.     The defendant was advised that there was no plea agreement with the United States.  The defendant and his counsel said the government offered a plea agreement and it was rejected after defense counsel reviewed and explained the plea agreement to the defendant.

8.     The defendant was advised that conviction of this offense would cause him to lose certain rights he has as a citizen, such as the right to possess and own firearms, the right to vote, the right to serve on a jury, and the right to hold public office, and the defendant stated that he understood and had discussed these matters with his attorney.

The defendant stated that he had received a copy of the indictment, he understood the nature of the charge, the maximum possible penalty, and the consequences of pleading guilty.  The defendant further stated that the plea of guilty was made freely and voluntarily, and did not result from any force, threats or coercion, and no one had promised the defendant a certain sentence. The defendant stated that he understood that if he did not receive the sentence hoped for, he could not withdraw his plea of guilty.  The undersigned finds the defendant to be sufficiently competent to enter a plea of guilty.

The defendant pleaded guilty to the offense of conspiracy to possess with the intent to distribute more than five (5) kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) as alleged in Count One of the Indictment.  When questioned about his involvement in the conspiracy, the defendant agreed with the Assistant U.S. Attorney's recitation of the facts as they related to his actions and role in the conspiracy.  Further, the defendant admitted each of the elements of the offense.

The undersigned United States Magistrate Judge finds that defendant's guilty plea was freely and voluntarily tendered and did not result from force, threats, or promises and that an adequate factual basis exists in relation to this plea.

## RECOMMENDATION

It is respectfully recommended that the District Court adopt the foregoing findings, accept the defendant's plea of guilty, and enter a finding that the defendant is guilty as charged in the indictment.

Respectfully submitted this 17th day of January, 2014.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file the Findings and Recommendation on Plea of Guilty and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Crim. P. 59(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).*